UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR 20-217 RAJ |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| WAYNE A.J. FRISBY, | ) | |
| Defendant. | ) | |

Offenses charged in Indictment:

**Count 1**: Conspiracy to Distribute Controlled Substances, including methamphetamine, heroin and cocaine. Specific quantities alleged as to this defendant: 50 grams or more of methamphetamine; 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; one kilogram or more of a mixture or substance containing a detectable amount of heroin.

Detention Hearing:

The Court conducted a detention hearing on December 22, 2020, pursuant to 18 U.S.C. § 3142(f). Based upon the factual findings and statement of reasons for detention hereafter set forth, the court finds that no condition or combination of conditions which

DETENTION ORDER
PAGE -1

defendant can meet will reasonably assure the safety of other persons and the community, and the.future appearances of defendant as required

### FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

#### PRESUMPTION OF DETENTION

(1) The charges in the Indictment create a rebuttable presumption that defendant should be detained pending resolution of this case. Defendant has alleged some facts, and has presented argument in opposition to the presumption. But the presumption remains as a factor the court should consider.

(2) In addition, as detailed below, the United States has made a strong showing that defendant, if released, would present a significant danger to other persons and the community, and a significant risk that he would fail to make his future appearances as required.

(3) The court therefore concludes that defendant has not adequately rebutted the presumption for detention; and that the showing by the United States overwhelmingly establishes that he should be detained.

#### DANGER TO OTHER PERSONS AND TO THE COMMUNITY

(4) The United States has proffered evidence to indicated defendant has been involved in the re-distribution of substantial quantities of controlled substances. He has five prior felony convictions in state court, including at least two for possession of heroin. This in itself is evidence that he would present a danger if released.

DETENTION ORDER
PAGE -2

(5) He also has two prior felony convictions for firearms possession. On one occasion officers found a loaded weapon, brass knuckles, two loaded magazines, and several knives under the car seat in which defendant was sitting.

(6) In one intercepted phone conversation, defendant stated that an associate had shot killed someone, in what turned out to be a drug dispute in the Marysville area. In a second conversation on the next day, defendant indicated that "he and his homeboy" had killed someone; and that Frisby intended to help hide the shooter, who was "on the run."

## RISK OF NON-APPEARANCE

(7) If convicted of the charges in this case, he faces a maximum penalty of life imprisonment, and a minimum sentence of ten year. This would provide a substantial incentive not to appear for further proceedings.

(8) Defendant has failed to appear as required on at least six occasions in state court proceedings, resulting in the issuance of bench warrants.

(9) He admits to a long history of abusing marijuana, methamphetamine and heroin, continuing to the date of his arrest on the present charges. He has been unsuccessful in various drug treatment programs.

(10) He has violated state court supervision on multiple occasions.

(11) He is unemployed, in part because he is blind in both eyes, as the result of a gunshot wound.

(12) He has no stable place of residence, and has been living "transiently." He does

DETENTION ORDER
PAGE -3

not want to live with his mother, because she was actively abusing drugs at the time of his arrest.  His mother also has her own prior convictions for drug offenses.  Defendant proposes to live with his fiancée and their new baby.  But this might jeopardize her eligibility for section 8 housing.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;
3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and
4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

   IT IS FURTHER ORDERED,

5. In light of the increasing numbers of residents and staff at the Federal Detention

Center at SeaTac who have tested positive for the COVID-19 virus, defendant shall be continue to reside in the quarantine section of that facility until at least January 21, 2021, unless the court orders otherwise.

DATED this 22nd day of December, 2020.

_____
JOHN L. WEINBERG
United States Magistrate Judge

DETENTION ORDER
PAGE -5